UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MILTON THOMAS, | Case No. 19-CV-450 (NEB/LIB) |
| Plaintiff, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| PAUL SCHNELL, et al., | |
| Defendants. | |

The Court opened this action for Plaintiff Milton Thomas upon his dismissal from a prior action, *Black Elk v. Roy*, No. 18-CV-3255 (DWF/LIB) (D. Minn.),[1] and directed Thomas to file an individualized pleading and a new application to proceed in forma pauperis ("IFP"). [*See* ECF No. 15 ("R&R") at 1 n.1.] In his amended complaint, Thomas, who is proceeding pro se and IFP, attempted to raise claims challenging the legality of Minnesota's conditional release and sex-offender registration statutes. [*See* ECF No. 10 ("Am. Compl.").] Because he is proceeding IFP, Thomas's amended complaint was screened pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii), and United States Magistrate Judge Leo Brisbois recommended that Thomas's case be dismissed for failure to state a claim.[2] (*See generally* R&R.) Thomas objected to the recommendation, and so the Court

---

[1] Thomas was originally one of fourteen plaintiffs in the prior action. [*See* ECF No. 15 ("R&R") at 1 n.1.]
[2] Judge Brisbois correctly determined that Thomas qualifies financially for IFP status. (R&R at 3.)

has conducted a de novo review. [ECF No. 16 ("Pl. Obj.")]; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b).

In recommending dismissal of Thomas's amended complaint, Judge Brisbois describes in detail the requisite criteria for stating the claims that Thomas attempts to assert, and then clearly explains how Thomas fails to meet those criteria. (R&R at 4–6.) Having closely examined the record and the R&R, the Court agrees with Judge Brisbois that this matter should be dismissed and that Plaintiff's IFP applications should be denied as moot. Although Thomas's objections are without merit and do not warrant an in-depth discussion, the Court will briefly address their shortcomings.

First, Thomas objects to the recommendation of dismissal of his claim under the Tom Bane Civil Rights Act, Cal. Civ. Code § 52.1, arguing that the Bane Act applies to him because he is an individual on conditional release and is subjected to intimidation, threats, or coercion. Judge Brisbois correctly observed this California statute does not apply to a civil detainee of the State of Minnesota seeking relief from Defendants in their official capacities as agents of the State of Minnesota. Thomas's assertions to the contrary confuse basic principles of federalism and are without merit.

Second, Thomas argues that Judge Brisbois misread the term "new charge" as it was used in the complaint. Thomas explains that he meant only that the imposition of conditional release pursuant to Minn. Stat. § 609.3455, subd. 7(b) was the equivalent of a new charge, and that he was not afforded due process for the conditional release and

registration requirements. Imposing a lifetime conditional-release term was a straightforward application of § 609.3455 on Thomas's 2008 conviction. Conditional release is simply an aspect of Thomas's sentence, and not the equivalent of a new charge. Judge Brisbois correctly determined that Thomas's claims on this issue are insufficiently pled and should be dismissed.

Finally, Judge Brisbois recommends dismissing without prejudice Thomas's claim regarding his conditions of treatment. Thomas offers to file a motion to amend his complaint to cure the deficiencies in his complaint with respect to that claim. That motion is not before this Court; the Court concludes that Judge Brisbois's recommendation of dismissal without prejudice is the proper procedure.

In sum, Thomas's objections provide no grounds for departure from Judge Brisbois's recommendations. Based on the foregoing, and on all the files, records and proceedings herein, the Court OVERRULES Plaintiff's objections [ECF No. 16], and ACCEPTS the R&R. [ECF No. 15.] IT IS HEREBY ORDERED THAT:

1. This matter is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) as follows:

    a. The claim regarding the condition of treatment amounting to a violation of constitutional rights is DISMISSED without prejudice.

    b. All other claims are DISMISSED with prejudice.

2. Plaintiff Milton Thomas's applications for proceeding in forma pauperis, [ECF Nos. 6, 11, 12], are DENIED as moot.

LET JUDGMENT BE ENTERED.

Dated: September 5, 2019                         BY THE COURT:

                                                 s/Nancy E. Brasel
                                                 Nancy E. Brasel
                                                 United States District Judge